FEDERICO ACEVEDO, Petitioner, *v.* DISTRICT COURT OF PUERTO RICO, SAN JUAN SECTION, HON. EMILIO S. BELAVAL, JUDGE, Respondent; MANUEL AMIL, Intervener.

No. 1888. Argued May 7, 1951.—Decided May 25, 1951.

F. *Fernández Cuyar* for petitioner. *E. Martínez Rivera* for intervener, plaintiff in the main action.

ON RECONSIDERATION

MR. JUSTICE SNYDER delivered the opinion of the Court.

On April 5, 1950 Manuel Amil, owner of a house, filed an unlawful detainer suit in the municipal court to evict Federico Acevedo, the tenant thereof on a month to month basis. The municipal court entered judgment in favor of the landlord and the tenant appealed to the district court. The district court also entered judgment in favor of the landlord. We granted certiorari to review the judgment of the district court.

On February 12, 1951 we discharged the writ for the reasons stated in our opinion of that date. The petitioner filed a motion for reconsideration raising certain new questions. We entered an order treating the motion for reconsideration as in effect a new petition for certiorari which was being granted and we ordered the petitioner to file the transcript of evidence which had not been before us in connection with the original petition for certiorari.

 The first question we consider is the contention, which was not made before us on the original petition for

certiorari, that the landlord is not entitled to evict the tenant under § 12–A, par. 8 of Act No. 464, Laws of Puerto Rico, 1947, as amended by Act No. 201, Laws of Puerto Rico, 1948. Under par. 8 eviction of a month to month tenant is possible "whenever the lessor is planning to demolish in whole or in part the leased building, in order to construct a new building." This may be done provided, among other requisites, "b. That within the limitations prescribed by the building laws and regulations in force in Puerto Rico, the new building will have one-third more dwellings than has the building the object of the works. Should said one-third above referred to result in a fraction, the following whole number shall be taken. Each dwelling so rebuilt shall be susceptible of use fully independently from the other . . . ."

We cannot agree with the landlord that subpar. b of par. 8 means that the reconstructed building must contain only ⅓ as many dwelling places as the original building. That theory could subsist only if the purpose of subpar. b was to prevent a complete change in the use of the building from residential to commercial purposes. And it would enable a landlord to evict a residential tenant merely to enlarge the property for residential purposes.

We agree with the petitioner that subpar. b does not come into play merely when one dwelling place will be enlarged. Rather we think the Legislature contemplated that eviction shall be authorized only when more dwellings will be created than those which existed in the original building, thereby relieving the housing shortage. This is shown by the language in the statute that "the new building will have one-third more dwellings . . .", and that "Each dwelling so rebuilt shall be susceptible of use fully independently from the others". These two clauses are incompatible with the concept that the requirement of subpar. b would be fulfilled by merely enlarging a dwelling so that it contains more rooms but still remains a single dwelling. We hold that under subpar. b the reconstructed building must contain ⅓ more

separate and independent dwelling places than the original building.

Once we have reached the foregoing conclusion, the case becomes a simple one. The transcript of evidence, which was not before us in connection with the original petition, unquestionably shows that the landlord is endeavoring to obtain possession of the property to build a second story on a one story building, not in order to create additional dwelling places, but only to amplify the present single dwelling by building three more rooms and a library in order to collect a little more rent. That purpose does not come within the requirements laid down by subpar. *b*.

█ The landlord also contends, citing *Avila* v. *District Court*, 68 P.R.R. 10, that subpar. *b* is suspended by virtue of the provisions of Federal law and Part 825.6 (*c*) (3) of the Federal Regulations relating to eviction to alter or remodel the premises. We reject this contention for the reasons stated in *Méndez* v. *District Court, ante*, p. 508.

We shall set aside our opinion and judgment of February 12, 1951 discharging the writ of certiorari, and shall reverse the judgment of the district court and dismiss the complaint.